UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SEAN VEST, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:07-CV-112 RM |
| | ) | (Arising out of 3:05-CR-113(01)RM) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

OPINION and ORDER

Sean Vest has moved for reconsideration of the March 30 order summarily dismissing his petition filed pursuant to 28 U.S.C. § 2255. While Mr. Vest didn't file his motion to reconsider pursuant to any one of the Federal Rules of Civil Procedure, "the fact that it challenges the merits of the district court's decision means that it must fall under Rule 59(e) or Rule 60(b). . . . If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." United States v. Deutsch, 981 F.2d 299, 300 (7th Cir. 1993). Mr. Vest indicates on his certificate of service that he served his motion on the Office of the United States Attorney on April 8, 2007, even though his motion wasn't filed with the court until April 23. His motion, therefore, must be considered a motion for relief from judgment or order pursuant to Rule 59(e).

A Rule 59(e) motion to alter or amend judgment may be granted "if the movant presents newly discovered evidence that was not available at the time of

trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact. But a Rule 59(e) motion is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." County of McHenry v. Insurance Co. of the West, 438 F.3d 813, 819 (7th Cir. 2006) (internal quotations and citations omitted).

Mr. Vest hasn't presented any newly discovered evidence or pointed to a manifest error or law or fact. He rehashes many of the arguments he presented in his § 2255 petition – he maintains his counsel was ineffective; the court lacked jurisdiction to sentence him and because jurisdictional issues are not waivable, he has a right to appeal and his waiver cannot stand; and he is entitled to relief based on the language of 21 U.S.C. § 851 – arguments the court already rejected. Mr. Vest does claim, for the first time, that "had counsel informed him of the possibility of being sentenced as a Career Criminal, he would not of pled guilty," [Mot., at 2] but "an argument raised for the first time in a Rule 59(e) motion is waived." Estremera v. United States, 442 F.3d 580, 587 (7th Cir. 2006). Accordingly, Mr. Vest's motion to reconsider, and his request in the motion to vacate his plea and sentence and/or hold an evidentiary hearing on his motion, [docket # 26] is DENIED.

SO ORDERED.

ENTERED:   April 30, 2007

2

                       /s/ Robert L. Miller, Jr.
                       Chief Judge
                       United States District Court